# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |   |
|---|---|
| THOMAS C. JOHNSON-RICHARDSON,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PHOENIX, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-3016 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas C. Johnson-Richardson, brings this action against his former employer, the University of Phoenix (the "University"), and his former supervisor at the University, Jessica Choi-Segert, alleging that Defendants "committed an unlawful act against [him] in violation of Title IX." Dkt. 4 at 1 (Am. Compl. 8). Defendants move to dismiss on three grounds: (1) Plaintiff has not properly effected service; (2) Plaintiff executed a binding release; and (3) Plaintiff's claim is subject to binding arbitration. Dkt. 18. As explained below, the Court agrees that Plaintiff has not yet effected service, but, because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff a further opportunity to do so. The Court further concludes that Defendants' contentions that Plaintiff has released any claim that he might otherwise have and, in any event, has agreed to binding arbitration, require consideration of materials beyond the scope of the pleadings and are thus premature. The Court will, according, deny Defendants' motion to dismiss but will require that Plaintiff file proof of service within 45 days. If Plaintiff fails to do so, the Court will dismiss the action without prejudice pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m).

# I. BACKGROUND

For purposes of the pending motion, the Court must accept the non-conclusory factual allegations set forth in the amended complaint as true and will also consider the University's letter to Plaintiff regarding his Title IX complaint ("Title IX Letter"), which is referenced in, and attached to, the amended complaint. *See Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 334–35 (D.D.C. 2016).

Plaintiff was hired by the University as a "Campus Operations Specialist" on October 15, 2015. Dkt. 4 at 1 (Am. Compl. ¶ 10). On September 13, 2017, Plaintiff filed an internal complaint with the University alleging that his then-supervisor, Jessica Choi-Segert, discriminated against him on the basis of gender. *Id.* at 2 (Am. Compl.) (Title IX Letter). Upon receiving Plaintiff's internal complaint, the University investigated the allegations, "determined that there was sufficient evidence to substantiate policy violations," concluded that "there was an opportunity to increase understanding," and, to that end, provided Ms. Choi-Segert with "coaching." *Id.* at 2 (Am. Compl.) (Title IX Letter). Having notified the Plaintiff of that determination and course of action, the University considered the "matter to be closed." *Id.*

Plaintiff was less sure and, he therefore "asked to be moved to another department for fear of retaliation/harassment." *Id.* at 1 (Am. Compl. ¶ 5). The University denied that request. *Id.* After the denial, Plaintiff began "collecting evidence" to "support his claims of retaliation and harassment." *Id.* at 1 (Am. Compl. ¶ 6). Plaintiff subsequently provided the evidence he collected to the University's "lead investigator for the HR department," but the University took no action. *Id.* at 1 (Am. Compl. ¶ 7). On January 3, 2018, Plaintiff "filed [an administrative] complaint with the U.S. Equal Opportunity Commission" ("EEOC") alleging that Choi-Segert

and the University "had committed an unlawful act against [him] in violation of Title IX." *Id.* (Am. Compl. ¶ 9).

On April 13, 2018, the University terminated Plaintiff's employment. *Id.* (Am. Compl. ¶ 10). Months later, on September 12, 2018, the EEOC closed its file on Plaintiff's case and issued a right-to-sue letter. *Id.* (Am. Compl. ¶ 9); Dkt. 4 at 9. On December 11, 2018, Plaintiff timely filed suit, *see* Dkt. 1 (Compl.), but the Court *sua sponte* dismissed his complaint without prejudice because it failed to comply with Federal Rules of Civil Procedure 8, 10, and 11, *see* Minute Order (Fed. 4, 2019). On February 26, 2019, Plaintiff filed an amended complaint, Dkt. 4, accompanied by an "affidavit of mailing" attesting that he mailed a copy of the summons and complaint to Defendants by certified mail on February 2, 2019, *see* Dkt. 5.

## II. LEGAL STANDARD

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In responding to a motion to dismiss brought under Rule 12(b)(5), the plaintiff bears the burden of proving that he effected service. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007) (citing *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002)). Failure to effect service is grounds for dismissal. *See id.* at 164 (citing Fed. R. Civ. P. 4(m)). The Court can, however, "in its sound discretion," also "direct that service be effected within a particular period of time." *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89 (D.D.C. 2004) (quoting Fed. R. Civ. P. 4(m)).

A motion to dismiss pursuant to Rule 12(b)(6), in contrast, is designed to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the

Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (alterations in original) (internal citation omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 678 (2009)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). If the Court concludes that the movant's arguments go beyond the pleadings, the Court may either deny the motion on that ground or may, where appropriate and with reasonable notice to the parties, convert the motion to dismiss to one for summary judgment under Rule 56. *See Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (citing Fed. R. Civ. P. 12(d)).

### III. ANALYSIS

Defendants move to dismiss on three grounds: They argue that Plaintiff has failed to effect service; that he executed a release; and that the case is subject to binding arbitration. Dkt. 18-1 at 4–5.

**A.  Ineffective Service of Process**

Defendants first argue that the Court should dismiss the action because Plaintiff has failed to effect service of process. *See id.* at 7–8. Plaintiff disagrees, asserting that he mailed the "complaint and summons" to Defendants "by way of US certified mail, return receipt" and that "[d]elivery . . . to both parties was confirmed and dated February 4th and February 5th." Dkt. 23 at 1–2. As explained below, even accepting Plaintiff's factual representations, he has yet to effect service in the manner required by Rule 4.

4

Under Rule 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"—that is, 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) & (m). An individual may be served in the manner prescribed by the law of "the state where the district court is located or where service is made;" by "delivering a copy of the summons and . . . complaint to the individual personally;" by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). A corporation or partnership may be served in the manner prescribed by the relevant state law or "by delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). In any event, service must be made by a "person who is at least 18 years old and not a party" to the lawsuit. Fed. R. Civ. P. 4(c)(2). If service is not made "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

On February 26, 2019, Plaintiff filed two affidavits of mailing with the Court, attesting that he mailed a copy of the summons and complaint to Defendants on February 2, 2019, and that the return receipts confirmed that the materials were delivered on February 4 and 5, 2019. Dkt. 5 at 1–2. Approximately a month later, he filed two certified mail receipts dated January 31, 2019, and two U.S. Postal Service tracking records, one indicating that a mailing was

delivered to Benjamin Wellington, who Plaintiff asserts is the associate general counsel of Apollo Education Group, Inc., on February 5, 2019, and the other indicating that a mailing was delivered to Jessica Choi-Segert on February 4, 2019. Dkt. 6 at 2–7. Defendants argue that these filings fail to evidence effective service of process for two reasons.

Defendants first question the sequence of events. As explained above, the Court *sua sponte* dismissed Plaintiff's original complaint on February 4, 2019. In Defendants' view, this doomed Plaintiff's effort to effect service because Plaintiff could not have served his amended complaint before the Court dismissed his original complaint with leave to amend, and, although Defendants do not spell this out, they apparently contend that, even if Plaintiff served the original complaint, that would do him no good, since the Court dismissed that complaint on the day one defendant allegedly received it and a day before the other defendant received it.

Had Plaintiff properly effected service of the original complaint pursuant to Rule 4 before the Court dismissed that complaint, he would not have been required to meet the demands of Rule 4 a second time. Rather, as provided in Rule 5(a)(1)(B), he could have merely served the amended complaint in the same manner that parties are required to serve all pleadings and motions after service of the initial pleading. *See TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, No. 06-cv-13447, 2008 WL 650385, at * 10 –11 (S.D.N.Y. Mar. 7, 2008). Here, however, the sequence of events is far from clear, and none of the briefs address the legal question whether service is effected under Rule 4 on the date the summons and complaint are mailed or on the date that they are received. The Court need not resolve these factual and legal questions, however, because Defendants' second challenge to Plaintiff's efforts to effect service—that, by his own account, Plaintiff *personally* mailed the summons and complaint to Defendants—is both convincing and dispositive.

Under Federal Rule of Civil Procedure 4(c)(2), a party to the action is not qualified to effect service. That rule applies even when a plaintiff personally attempts to serve a defendant by mail. *See Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009) (collecting cases). Thus, even if Plaintiff had timely mailed both a summons and his pleading, his attempts at effecting service were still ineffective under Rule 4(c)(2). This case, however, presents a twist on this usually straightforward rule.

Under Rule 4(e)(1), a person may effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4 (e)(1). Here, the relevant jurisdiction is the District of Columbia. Although the Court is unaware of any cases from the Superior Court for the District of Columbia that address whether, under District of Columbia law, a party may effect service by personally mailing a copy of the summons and complaint, *see* D.C. R. Civ. P. 4(c)(2), (4) (restricting service to non-parties but also permitting service by certified mail), several opinions in this district have assumed that personal service by mail is permissible under D.C. law, *see, e.g.*, *Brodie v. Worthington*, No. 09-1828, 2010 U.S. Dist. LEXIS 109119, at *6 (D.D.C. Sept. 27, 2010) (observing, in a *pro se* matter, that service may be effected under D.C. R. Civ. P. 4(c)(3) by "mailing a copy of the summons, complaint and initial order to the person by registered or certified mail," but holding that service was ineffective for other reasons); *Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005); *see also* Handbook for People Who Represent Themselves in Civil Cases, Superior Court of the District of Columbia, Civil Division, at 7, available at https://tinyurl.com/v6dckn5 (last accessed January 16, 2020) (instructing *pro se* litigants that they may effect service by "mailing a copy of the complaint" and summons by certified mail). Thus, assuming for present purposes that a party may effect service under D.C.

law by personally mailing the summons and complaint by certified mail, Plaintiff has at least arguably complied with that process. The question, then, is whether Rule 4(c)(2)'s restrictions extend to service made under Rule 4(e)(1). If Rule 4(c)(2) applies to all methods of service including Rule 4(e)(1), then Plaintiff's service was defective even though it comported with the process authorized by D.C. law.

The relationship between Rule 4(c)(2)'s prohibition on who may serve and Rule 4(e)(1)'s provision of how service may be effected is unclear. The parties have cited no authority, and the Court can find none, that addresses that question. *Cf.* Dkt. 22 at 2 (citing *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007), which addressed the relationship between Rule 4(c)(2) and Rule 4(i)). For the reasons explained below, however, the Court concludes that Rule 4(c)(2)'s restrictions—that is, that the "person" effecting service be at least 18 years old and not a party to the case—extend to service made under Rule 4(e)(1), even if the relevant state law allows parties to effect service by personally sending the summons and complaint by certified mail.

Before considering the current iteration of Rule 4, it is helpful to place the Rule in historical context. Although the origins of requiring a party to serve a defendant date back "at least four thousand years," Kent Sinclair, *Service of Process: Rethinking the Theory and Procedure of Serving Process under Federal Rule 4(c)*, 73 Va. L. Rev. 1183, 1187 (1987) (hereinafter, "Sinclair, Federal Rule 4(c)"), the starting point for present purposes is about forty-years ago. Prior to 1980, the Federal Rules of Civil Procedure limited "who" could effect service, placing the bulk of the responsibility for effecting service on the United States Marshals Service. Fed. R. Civ. P. 4(c) (1979 version); *Veeck v. Commodity Enter., Inc.*, 487 F.2d 423, 424 (9th Cir. 1973) (noting that, under a pre-1980 version of Fed. R. Civ. P. 4(c), service of process

8

could be effected only by a "United States Marshal, by his deputy, or by some person specially appointed by the court"); *see also* Sinclair, Federal Rule 4(c), at 1198. Like the current version of the Rule, the pre-1980 version allowed a party to effect service "in the manner prescribed by the law of the state" in which the district court hearing the dispute was located. Fed. R. Civ. P. 4(d)(7) (1979 version). There was confusion, however, about whether Rule 4's limitations on "who" could effect service extended to service "in the manner prescribed under" under state law. *See* Fed. R. Civ. P. 4(c), advisory committee note to the 1980 amendment (noting the ambiguity).

*Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423 (9th Cir. 1973), is illustrative of that confusion. In that case, a plaintiff had sought to effect service under a California rule that allowed any nonparty adult to serve a summons. *Veeck*, 487 F.2d at 425. Because Rule 4, as written at the time, permitted only a "United States marshal," "his deputy," or "some person specially appointed by the court" to effect service, the Court held that plaintiff's service was defective. *Id.* at 424 (quoting the then-in-effect version of Fed. R. Civ. P. 4). Although the plaintiff argued that Rule 4's limit on "who" could serve the complaint did not apply to service effected in the manner prescribed by state law, the Ninth Circuit disagreed. *Id.* at 425. The court stressed that Rule 4 simply provided that a party could effect service in the "*manner*" prescribed by state law and distinguished the "manner" of service from "*who*" may serve the summons and complaint. *Id.* (emphasis added). Although not put in these precise words, the idea was that a rule specifying *how* the ball must be pitched in softball—*i.e.*, underhand—differs from a rule specifying *who* may pitch the ball—*i.e.*, a player on the roster.

Other courts came to the opposite conclusion pre-*Veeck*, holding that parties who effect service under state law were exempt from Rule 4(c)'s restrictions on "who" may serve. *See, e.g.*, *Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S. A.*, 243 F.2d 342, 348–49 (2d

9

Cir. 1957) (holding that Rule 4(c) was "clearly not intended" to limit the provision allowing parties to serve in a manner prescribed by state law); *cf. U. S. for Use of Tanos v. St. Paul Mercury Ins. Co.*, 361 F.2d 838, 845 (5th Cir. 1966) (Brown, J., dissenting) (arguing that "4(c) prescribes who shall make the service if, and only if, the manner of service under 4(e), and thus state law, must be personal"). Because uncertainty persisted, the Marshals Service continued to shoulder a significant share of the responsibility for effecting service of process. *See* Sinclair, Federal Rule 4(c), at 1197. That responsibility imposed a "serious financial burden" on the Marshals Service and prompted it to place an "urgent request" that the Advisory Committee revise the rules to eliminate the role of the federal marshal." *Id.* at 1198.

In 1980, the Advisory Committee addressed this concern by revising Rule 4(c) to provide that "[s]ervice of process may also be made by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made." Fed. R. Civ. P. 4(c)(1980 version); *see also* Fed. R. Civ. P. 4(c)(2) advisory committee note to the 1980 amendment (describing the purpose of the amendment). Thus, for the first time, persons authorized to effect service by the law of the state in which the district court sat or in which service was made were also authorized to serve under the federal rule. Although this change was expected to alleviate the burden on the Marshals Service, it "did not appear to be sufficient to stem the budgetary tide running against the" service. Sinclair, Federal Rule 4(c), at 1201.

In 1982, Congress took matters in its own hands. To further liberalize the service of process rules, it enacted the Federal Rules of Civil Procedure Amendments Act of 1982, Pub. L. No. 97-462, 96 Stat. 2527 (1983), which implemented "major changes" to Rule 4. Sinclair,

Federal Rule 4(c), at 1211. The revised Rule, which took effect in 1983, in relevant part, read as follows:

> **4(c)(2)(A)** A summons and complaint shall, except as provided in subparagraph (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age.
>
> …
>
> **4(c)(2)(C)** A summons and complaint may be served . . . **(i)** pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State[.]

Fed. R. Civ. P. 4(c) (1983 version). Under the 1983 Rule, the role of the federal Marshals Service was reduced by providing that any nonparty adult could effect service. *Compare* Fed. R. Civ. P. 4(c)(2)(A) (1983 version); *with* Fed. R. Civ. P. 4(c) (1980 version) ("Service of process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose[.]").

Notably, the 1983 Rule preserved, at least in part, the portion of the 1980 amendment that allowed persons authorized by a state law to serve a federal summons and complaint. It did so, however, only for parties effecting service in specific manners. Specifically, the 1983 version of Rule 4(c)(2) included a proviso—"*except as provided in subparagraph (B) and (C)*"—that relieved parties serving pursuant to state law from the restrictions set out in Rule 4(c)(2)(A). Fed. R. Civ. P. 4(c)(2)(C) (1983 version). In other words, the 1983 amendment made express what some courts had inferred before the 1980 amendment: if a party was effecting service "pursuant to the laws of the state in which the district court" sat, the state law controlled "who" could effect service. *See also* Fed. R. Civ P. 4(c) advisory committee note to the 1980 amendment (noting that a remaining ambiguity could be resolved by "specific amendments" to

11

the Rule permitting service under state law). Under the 1983 version of the Rule, if a state law permitted a party personally to serve the summons and complaint by certified mail, then the plaintiff could do so even though Rule 4(c)(2) generally disqualified parties from effecting service.

The Rule's textual clarity was short-lived. In 1993, Rule 4 was amended in a manner that revived the ambiguity. *See* Fed. R. Civ. P. 4, advisory committee note to the 1993 amendment. The 1993 amendment retained the same general rule that nonparty adults may effect service, but it dropped the proviso that exempted parties serving under state law from the restrictions set out in Rule 4(c)(2). *See* Fed. R. Civ. P. 4(c)(2) (1995 version). The Rule as amended in 1993, stated—without exception—that "[s]ervice may be effected by any person who us not a party and who is at least 18 years of age." *Id.* In relevant respects, that structure persists to this day, and thus the exception to Rule 4(c)'s limits on *who* may serve that Congress adopted for parties serving in a manner prescribed by state law no longer exists.[1] In light of that alteration, the relevant question is whether Rule 4(c)(2) admits an *implied* exception for parties effecting service in a manner prescribed by state law. It does not.

Rule 4(c)(2) specifies *who* is permitted to effect service even when a party effects service in a *manner* permitted by state law pursuant to Rule 4(e)(1). That conclusion follows from the

---

[1] Although it might strike one as strange that the Supreme Court, through an amendment to the Federal Rules of Civil Procedure, can supersede an amendment to the Rules enacted by Congress, the Rules Enabling Act, 28 U.S.C. § 2072, authorizes it—within limits—to do just that. Under the Rules Enabling Act, a rule prescribed within the power delegated to the Supreme Court has the force of a federal statute. *See In re Grand Jury Proceedings*, 616 F.3d 1186, 1196 (10th Cir. 2010). As a result, if a rule of civil procedure and a statute "'conflict[] irreconcilably,' the statute will be deemed superseded . . . unless such supersession would 'abridge, enlarge, or modify [a] substantive right.'" *United States v. Microsoft Corp.*, 165 F.3d 952, 958 (D.C. Cir. 1999) (quoting *Henderson v. United States*, 517 U.S. 654, 663 (1996); 28 U.S.C. § 2072(b)).

12

Rule's text and structure. Most notably, under the current version of the Rule, the restrictions set out in Rule 4(c)(2) unambiguously extend to Rule 4(e)(2), which governs personal service on an individual; if they did not, Rule 4(c)(2) would serve no function at all. But there is no textual basis to conclude that Rule 4(c)(2) extends to Rule 4(e)(2) but not to Rule 4(e)(1), which is found in the same subsection and is subject to the same introductory clause. Rather, as the Ninth Circuit explained in 1973, there is a difference between *who* may effect service and the *manner* in which service may be effected. *See Veeck*, 487 F.2d at 425. In other words, when effecting service under Rule 4, the federal rule controls *who* may serve regardless of the *manner* of service authorized under state law. The federal rule, in turn, permits only nonparty adults to serve a summons and complaint, unless the district court directs that the Marshals Service or a person specifically appointed by the court effect service. Fed. R. Civ. P. 4(c).

Although the text and structure support the conclusion that Rule 4(c)(2) applies to service under Rule 4(e)(1), the drafting history of Rule 4 arguably cuts the other way. Significantly, nothing in the Advisory Committee's commentary to the 1993 amendment signaled that the Committee intended to undo the exception created by the 1983 amendment. The Advisory Committee's note states merely that "[t]he general purpose of [the 1993] revision is to facilitate service of the summons and complaint." Fed. R. Civ. P. 4, advisory committee note to 1993 amendment. Restricting parties from using state law procedures that allow more convenient means of effecting service arguably runs contrary to that stated goal. The note also does not evince an intent to do away with parties' ability to serve a summons themselves if permitted to do so under state law. Indeed, the commentary explains that the Rule 4(e) sets forth the "same language" as the 1983 Rule "but adds as an alternative the use of the law of the state in which service is effected." Fed. R. Civ. P. 4(e), advisory committee note 1993 amendment. In short,

13

the Advisory Committee notes do not suggest that the Committee intended to contract the available means of effecting service.

It is possible that the Advisory Committee simply did not focus on whether dropping the proviso would deprive plaintiffs of the option of personally serving the summons and complaint if permitted to do so by state law. But, by the same token, there is little evidence that Congress intended to provide plaintiffs with that option in the first place when it enacted the Federal Rules of Civil Procedure Amendments Act of 1982. Rather, the aims of that legislation were to reduce the burdens on the Marshall Service and to liberalize the requirements for effecting service by permitting persons other than the Marshall, Deputy Marshal, or a person specified by the court to effect service. *See* Sinclair, Federal Rule 4(c), at 1211–12. After the 1983 amendment, the Federal Rules, like the state laws at issue in *Veeck*, permitted any nonparty adult to serve. Thus, when the Advisory Committee revised Rule 4(c) in 1993, it may have seen the exception to Rule 4(c)(2)(A) as surplusage—with or without the proviso, nonparty adults would be allowed to effect service.

Drafting history aside, the Rule's text and structure support only one conclusion, and the case law confirms that conclusion. Although not on all fours with the question at issue here, courts that have addressed an analogous problem have uniformly held that the restrictions set out in Rule 4(c)(2) extend to other methods of serving under Rule 4. In particular, courts have held that parties effecting service on the United States by certified mail under Rule 4(i) cannot mail the summons and complaint themselves because Rule 4(c) disqualifies parties from serving a summons. *See Smith v. United States*, 475 F. Supp. 2d 1, 9 (D.D.C. 2006) (collecting cases). As one court observed, nothing in Rule 4 suggests that Rule 4(c)(2) and Rule 4(i) "are mutually exclusive." *Lindsey v. United States*, 448 F. Supp. 2d 37, 46 (D.D.C. 2006). Rule 4(c)(2)

14

"describes who can make service," and Rule 4(i) "prescribes the method by which service . . . can be effected." *Id.* So too here. Rule 4(c)(2)'s restriction on *who* may effect service applies to every *method* of service provided for in the Rule, including Rule 4(e)(1). Even if there is no "apparent reason why a person specified in Rule 4(c)(2), rather than the plaintiff[,] . . . should be required to mail copies of process to be served," 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1106, at n.15 (2015 ed.), the text and structure of the Rule require that result.

The Court, accordingly, concludes that Federal Rule of Civil Procedure 4 does not permit a party, like Plaintiff, to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law.

Plaintiff's failure to effect service, however, does not warrant dismissal—at least not yet. Although a plaintiff's *pro se* status is not a "license . . . to ignore the Federal Rules of Civil Procedure," *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), "*pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process," *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 188 (D.D.C. 2008) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1972)). Consistent with that principle, courts "often decline to dismiss" a *pro se* plaintiff's case "for defective service" without first affording the plaintiff the opportunity to correct any errors he or she may have made. *Hapugalle v. Raddatz*, 98 F. Supp. 3d 37, 41 (D.D.C. 2015), *vacated on reconsideration on other grounds*, 2015 WL 4366042 (D.D.C. Jul. 16, 2015). The Court will follow that course here. Rather than dismiss the case for failure to effect service, the Court will "provide the plaintiff an opportunity to perfect service," along "with an admonition that failure to do so will result in dismissal." *Id.*; *see also* Fed. R. Civ. P. 4(m) (providing that if a defendant is not properly served within the

15

specified time, a court may "order that service be made within a specified time"). Because the time to effect service under Rule 4(m) has long-since run, the Court will dismiss the action without prejudice if Plaintiff does not effect service (and does not file proof of having done so) within 45 days of this decision.

**B.     The Separation Agreement**

Defendants also argue that the Court should dismiss the complaint for failure to state a claim because Plaintiff previously executed a release of his claims. Dkt. 18-1 at 8–10. As Defendants recognize, that argument depends whether the Court can, at this stage of the proceeding, consider the purported release. According to Defendants, the Court can do so because Plaintiff attached his EEOC right-to-sue letter to his amended complaint, and the right-to-sue letter "states that the EEOC dismissed Plaintiff's charge because he 'signed a valid waiver of claims.'" *Id*. at 9 (quoting Dkt. 4 at 9). That contention is a stretch too far.

As a general rule, a court considering a motion to dismiss for failure to state a claim may not "look outside the facts contained within the four corners of the complaint." *Nat'l Postal Prof'l Nurses v. United States Postal Serv.*, 461 F. Supp. 2d 24, 28 (D.D.C. 2006). One exception to this rule permits a court to consider materials attached to or incorporated by reference in the complaint. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (noting that incorporation by reference can "amplify pleadings"). Defendants would expand this exception to include materials referenced in a document attached to the complaint. In Defendants' view, the Court may consider the release that they attach to their motion to dismiss because the EEOC right-to-sue letter says: "Charging Party signed a valid waiver of claims." Dkt. 4 at 9. The Court is unpersuaded. That type of reference to an extrinsic document, which is neither mentioned in the amended complaint nor conceded by Plaintiff,

16

provides insufficient basis to depart from the usual rule. *See Sira v. Morton*, 380 F.3d 57, 67 (2nd Cir. 2004) (such a "[l]imited quotation from or reference to documents . . . is not enough to incorporate those documents, wholesale, into the complaint"); *see also In re Newbridge Networks Sec. Litigation*, 767 F. Supp. 275, 279 (D.D.C. 1991) ("Extraneous material may be considered but only if it is attached to the complaint or incorporated by reference and limited quotation does not constitute incorporation by reference.").

Defendants premise their argument on three precedents. *See* Dkt. 18-1 at 10. In the first, *Brown v. United States*, the court relied on a settlement agreement in resolving a motion to dismiss where the complaint alleged that the plaintiff's employer had breached that agreement. 271 F. Supp. 2d 225, 227 (D.D.C. 2003). The second, *Venable LLP v. Overseas Lease Grp., Inc.*, involved a negligence suit that arose from an attorney's alleged incompetence in negotiating a settlement agreement. No. 14-cv2010, 2015 WL 4555372, at *3 (D.D.C. July 28, 2015). And the third, *Scott v. Geren*, involved a motion to dismiss under Rule 12(b)(1). No. 08-cv-21, 2008 WL 11483536, at *1 (E.D. Va. July 14, 2008), *aff'd*, 305 F. App'x 81 (4th Cir. 2008).

None of these decisions support Defendants' argument. *Brown* and *Venable* merely followed the settled rule, which permits a court to consider a document that is "referred to in the complaint and [that is] central to the plaintiff's complaint." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd, 38 F. App'x 4 (D.C. Cir. 2002). *Scott* provides even less support to Defendants' position; that decision involved a motion to dismiss under Rule 12(b)(1), and, unlike a Rule 12(b)(6) motion, a court resolving a 12(b)(1) motion "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 66 (D.D.C. 2005).

Finally, the Court declines to convert Defendants' motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Under Rule 12(d), the Court may convert a motion to dismiss to a motion for summary judgment, but only if all parties have been "given a reasonable opportunity to present all the material that is pertinent" to the motion for summary judgment. Plaintiff has not had such opportunity. Defendants' motion to dismiss and the accompanying memorandum did not hint at the possibility of conversion nor did Defendants file a "a statement of material facts as to which [it] contends there is no genuine issue," as a party moving for summary judgment must do under the Local Rules, *see* L. Civ. R. 7(h)(1). Although a party represented by counsel might have recognized the possibility of conversion in light of the attachments accompanying Defendants' motion to dismiss, Plaintiff is proceeding *pro se*. It asks too much to assume that he was on notice that the Court might treat Defendants' motion as a motion for summary judgment and that, at the pleading stage, he was expected to offer his own controverting evidence.

**C.     The Employee Handbook**

This leaves Defendants' contention that the amended complaint should be dismissed "because it is subject to a binding arbitration agreement." Dkt. 18-1 at 10. This argument fails for the same reasons as the previous one; it relies on documents that are not referred to in the amended complaint or attached to it. In particular, Defendants rely on an Employee Handbook that they attach to their motion to dismiss. *See* Dkt. 18-1 at 11; Dkt. 18-3 (Def.'s Ex. 2); Dkt. 18-4 (Def.'s Ex. 3). Because the Court may not consider that document at this stage of the proceedings, Defendants' motion to dismiss on this basis necessarily fails.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. 18, is hereby **DENIED**. It is further **ORDERED** that Plaintiff shall effect service in compliance with Federal Rule of Civil Procedure 4, and shall file proof of service with the Court, on or before March 20, 2020. Plaintiff is cautioned that, if he fails to do so and fails to demonstrate that there is good cause for the Court to extend the time for him to effect service for an appropriate period, the Court will dismiss this action without prejudice pursuant to Rule 4(m).

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 4, 2020.