**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THOMAS C. JOHNSON-RICHARDSON,

*Plaintiff*,

v.

UNIVERSITY OF PHOENIX *et al.*,

*Defendants.*

Civil Action No. 18-3016 (RDM)

**MEMORANDUM OPINION**

This case is before the Court on Defendants' motion to dismiss for insufficient service of process. Although Plaintiff has attempted to serve his amended complaint on Defendants repeatedly, each of those efforts has suffered from one defect or another, and there is no reason to believe that further attempts will prove any more successful. The Court will, accordingly, dismiss Plaintiff's complaint without prejudice pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m).

## I. BACKGROUND

The factual allegations underlying Plaintiff's complaint are relayed in the Court's prior opinion. *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 351 (D.D.C. 2020) ("*Johnson-Richardson I*"). For the purposes of Defendants' current motion, which seeks dismissal solely on the ground that Plaintiff has failed to effect service, it is sufficient to explain the procedural history of the case. Suffice it to say, the Court has given Plaintiff ample opportunity to effect service.

Plaintiff originally filed this lawsuit on December 11, 2018, *see* Dkt. 1 (Compl.), but the Court *sua sponte* dismissed his complaint without prejudice because it failed to comply with Federal Rules of Civil Procedure 8, 10, and 11, *see* Minute Order (Feb. 4, 2019). On February

26, 2019, Plaintiff filed an amended complaint, Dkt. 4, along with an "affidavit of mailing" attesting that he mailed a copy of the summons and complaint to Defendants by certified mail on February 2, 2019, Dkt. 5.  On June 3, 2019, Defendants moved to dismiss Plaintiff's complaint on several grounds, including that Plaintiff had not properly served his complaint on Defendants in accordance with Federal Rule of Civil Procedure 4.  Dkt. 18-1 at 6–8.

On February 4, 2020, the Court denied Defendants' motion to dismiss.  *Johnson-Richardson I*, 334 F.R.D. at 359.  But in its opinion, the Court agreed with Defendants that Plaintiff had failed to effect service.  *Id.* at 352–57.  Specifically, the Court held that "Rule 4(c)(2)'s restriction on *who* may effect service," which prohibits a party to a suit from serving a summons and complaint, "applies to every *method* of service provided for in the Rule, including Rule 4(e)(1)," which allows service in accordance with the laws of the state where the federal district court is located.  *Id*. at 357.  The Court therefore concluded "that Federal Rule of Civil Procedure 4 does not permit a party, like Plaintiff, to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law."  *Id*.  Because pro se litigants are allowed more leeway to correct defects in service of process, however, the Court declined to dismiss Plaintiff's complaint and instead gave him 45 additional days to effect service.  *Id*.  The Court admonished Plaintiff that if he failed to effect service within that time limit, his case would be dismissed without prejudice.  *Id*.

Plaintiff failed to take advantage of this second chance.  On March 4, 2020, he filed an updated proof of service, Dkt. 27, and, on March 25, 2020, Defendants responded with another motion to dismiss, again alleging that service was improper, Dkt. 28.  The Court agreed with Defendants that Plaintiff's renewed effort at service was once again flawed.  Minute Order (March 27, 2020).  Plaintiff's "Affidavit of Mailing" showed that an adult who is not a party to

2

this litigation, Jason M. Hines, mailed a copy of the amended complaint and a summons to Defendants' counsel of record.  Dkt. 27 at 1.  Plaintiff thus eliminated any problem with respect to *who* effected service, but he had now failed with respect to *on whom* the complaint and summons was to be served.  Plaintiff had not complied with Rule 4 "because there is no evidence that Defendants have authorized counsel to accept service on their behalf."  Minute Order (March 27, 2020).  But "because (1) Plaintiff ha[d] made diligent and repeated efforts to effect service without the assistance of counsel, and (2) Defendants have clearly received actual notice of Plaintiff's complaint," the Court gave Plaintiff a third chance by extending his deadline to effect service until April 27, 2020, and denied Defendants' second motion to dismiss as moot. *Id.*

Plaintiff then made his third and most recent attempt at service.  On April 15, 2020, he filed another "Affidavit of Mailing."  Dkt. 29.  In that document, Jason Hines declares under the penalty of perjury that on April 11, 2020, he sent the summons and complaint by certified mail to "University of Phoenix, et al."  Dkt. 29 at 1.  Although the "Affidavit of Mailing" includes a tracking number, it does not indicate where the summons and complaint were sent or include a receipt or any other substantiation.  *Id*.  Six days later, on April 21, 2020, Plaintiff filed another proof of service, in the form of an email from Plaintiff claiming that he had effected service. Dkt. 30.  Plaintiff attached seven exhibits, including (1) a postal receipt dated April 14, 2020, for a mailing to the Washington, D.C., office of Defendants' counsel, Dkt. 30-1; (2) what appears to be the same postal receipt photographed from a different angle, Dkt. 30-2; (3) a certified mail receipt dated February 29, 2020, also for a mailing to Defendants' counsel, Dkt. 30-3; (4) three certified mail receipts dated April 11, 2020, two of which are for mailings to Defendants' counsel and one of which is for a mailing to the Court, Dkt. 30-4; (5) a copy of the Court's

minute order of March 27, 2020, Dkt. 30-5; (6) a USPS Tracking page showing an unspecified

delivery to an unspecified post office box in Washington, D.C. on March 4, 2020, Dkt. 30-6; and

(7) another "Affidavit of Mailing" from Jason Hines, also attesting that he mailed the complaint

and summons to the University of Phoenix, this time on February 29, 2020, which would seem to

correspond to the postal receipt in the third exhibit showing a mailing to Defendants' counsel,

rather than to the University of Phoenix directly, Dkt. 30-7.

Defendants again move to dismiss Plaintiff's complaint for failure to effect service.  Dkt.

31.  Plaintiff filed a response, Dkt. 33, and Defendants replied, Dkt. 35.  Defendants' motion to

dismiss pursuant to Rule 12(b)(5) for failure to effect service is now ripe for decision.

## II.  LEGAL STANDARD

Rule 12(b)(5) governs motions to dismiss for insufficient service of process.  Fed. R. Civ.

P. 12(b)(5).  In responding to a motion to dismiss brought under Rule 12(b)(5), the plaintiff bears

the burden of proving that he effected service.  *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).

"[U]nless the procedural requirements for effective service of process are satisfied, a court lacks

authority to exercise personal jurisdiction over the defendant."  *Candido v. District of Columbia*,

242 F.R.D. 151, 160 (D.D.C. 2007) (citing *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506,

514 (D.C. Cir. 2002)).  Failure to effect service is grounds for dismissal.  *See id.* at 164 (citing

Fed. R. Civ. P. 4(m)).  The Court can, however, "in its sound discretion," also "direct that service

be effected within a particular period of time."  *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89

(D.D.C. 2004) (quoting Fed. R. Civ. P. 4(m)).

## III. ANALYSIS

Defendants move to dismiss solely on the ground that Plaintiff has failed to effect

service.  Dkt. 31.  Defendants argue that Plaintiff's latest attempt was ineffectual because he,

4

once again, served the summons and complaint on Defendants' counsel, who is not authorized to accept service on Defendants' behalf.  Dkt. 31-1 at 4–5.

For individuals, like Defendant Jessica Choi-Segert, Rule 4 permits service by "delivering a copy of the summons and of the complaint to the individual personally," by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  For corporations, like the University of Phoenix, Rule 4 permits service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h).  With respect to either individuals or corporations, service on counsel is proper only when counsel is an agent authorized to receive service.

Multiple decisions in this district have recognized that counsel of record is not an authorized agent simply by virtue of representing the defendant in the lawsuit.  *See*, *e.g.*, *Brodie v. Worthington*, No. 09-cv-1828, 2011 WL 4402783, at *1 (D.D.C. Sept. 21, 2011); *Dalal v. Goldman Sachs & Co.*, No. 06-cv-1061, 2007 WL 1334972, at *3 (D.D.C. May 7, 2007); *Wilson*, 332 F. Supp. 2d at 88–89.  Rather, some indication that the defendant has authorized counsel to receive service in the given case is required.  *Wilson*, 332 F. Supp. 2d at 88–89.  Here, there is no such evidence, and Defendants have explicitly disclaimed that counsel is authorized to receive service on their behalf.  Dkt. 31-1 at 5; Dkt. 28-2 at 2 (Branciforte Decl. ¶ 4).  Indeed, the Court has already held that service on counsel is improper in this case.  *See* Minute Order (March 27, 2020) ("[Plaintiff] has yet to comply with Rule 4 because there is no evidence that Defendants have authorized counsel to accept service on their behalf.").  Plaintiff should have known, after the Court held that his previous attempt to serve the summons and complaint on

Defendants' counsel was ineffectual, that he could not cure service by simply serving the documents on counsel again.  The Court finds that Plaintiff has not shown that counsel was authorized to accept service on Defendants' behalf and that service on counsel was therefore insufficient to satisfy the requirements of Rule 4.

In his opposition brief, Plaintiff argues that Defendants "were served via certified return receipts in Arlington Virginia, and Phoenix AZ legal department" in addition to service on counsel.  Dkt. 33 at 8.  Perhaps Plaintiff here is referring to his first attempt to serve the amended complaint, when he served the documents on the correct parties but nevertheless missed the mark because he mailed the documents himself.  There is no indication, however, from the various postal receipts that Plaintiff attached to his proof of service that his more recent attempts at service, sent by Mr. Hines, were delivered to anyone other than Defendants' counsel.  Plaintiff's argument is therefore unavailing.

Defendants argue that dismissal should be with prejudice.  They assert that the "Court has given [Plaintiff] ample opportunity" to comply with the federal rules and that "[e]nough is enough."  Dkt. 31-1 at 7.  But the case Defendants cite in support of their argument is inapposite. *See Powers v. U.S. Dep't of Justice*, 646 F. Supp. 2d 153, 155 (D.D.C. 2009).  In that case, a pro se plaintiff failed to comply with Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the complaint in the case was "rambling and largely incomprehensible," *Powers*, 646 F. Supp. 2d at 155.  That is not the situation here.  Rule 4(m) is clear that when a Plaintiff fails to effect service within the allotted time, the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).  In accordance with Rule 4(m), dismissal here will be without prejudice.

6

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss and will **DISMISS** the case without prejudice, pursuant to Rule 4(m).

A separate order consistent with this Memorandum Opinion will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 11, 2020